# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| JAMES BAKSINSKI, Individually and for Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>LUMINANT ENERGY COMPANY, LLC<br><br>    Defendant. | Case No. 6:18-cv-00269<br><br>Collective Action<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

### SUMMARY

1. Luminant Energy Company, LLC (Luminant) does not pay overtime to the hourly employees it employs as required by the Fair Labor Standards Act (FLSA).

2. Instead, Defendant pays these workers the same hourly rate for all hours worked, including those worked in excess of forty in a workweek.

3. Defendant did not pay James Baksinski (Baksinski) or any other workers like him, overtime as required by the FLSA.

4. Baksinski brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### THE PARTIES

7. Baksinski was an hourly employee of Luminant.

8. His written consent is attached as <u>Exhibit A</u>.

9. Baksinski worked for Luminant in Glen Rose, Texas in Somervell County.

10. Luminant is headquartered in Irving, Texas.

11. Luminant employed Baksinski and those similarly situated to him.

12. Luminant may be served with process by serving its registered agent Capitol Corporate Services, Inc., 6555 Sierra Drive, Irving, TX 75039-2479.

## COVERAGE UNDER THE FLSA

13. At all relevant times, Defendant was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

16. At all relevant times, Defendant has had an annual gross volume of sales made or business done of not less than $5,000,000 each.

17. At all relevant times, Baksinski and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

18. Luminant is a "power generation business, including mining, wholesale marketing and trading, and development operations."[1]

19. Luminant boasts that its "day-to-day operations generate billions of dollars of economic impact across Texas."[2] Luminant specifically identifies its "employees [as] the go-to people when the communities where they live, work and serve need help."[3]

20. Baksinski worked for Luminant in Glen Rose, Texas at the Comanche Peak Nuclear power plant.

21. Baksinski was an hourly employee of Luminant.

22. Baksinski earned $26 per hour while working at Luminant.

23. Baksinski's worked as a Planner, but he had the title of Construction Field Engineer.

24. Baksinski worked for Luminant from August 20, 2012 until January 2, 2017.

25. Baksinski was not guaranteed a salary.

26. During power outages, Baksinski worked 72 hours or more per week.

27. But Luminant paid Baksinski at his regular hourly rate for all hours worked in a week, including those over 40 in a week.

28. Thus, rather than receiving time and a half as required by the FLSA, Baksinski only received "straight time" pay for the overtime hours he worked.

29. The "straight time for overtime" scheme violated the FLSA.

30. Luminant has known about the FLSA, and its overtime requirement, for many years.

31. Luminant nonetheless failed to pay certain hourly employees, such as Baksinski, overtime.

---

[1] *See* https://www.luminant.com/about/ (last visited August 31, 2018).
[2] *Id.*
[3] *Id.*

32. Luminant's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

33. Luminant's illegal "straight time for overtime" policy extends beyond Baksinski.

34. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

35. Defendant paid dozens of hourly employees according to the same unlawful scheme.

36. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

37. The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

38. Therefore, the class is properly defined as:

> **All workers who perform services for Luminant who were, at any point in the past 3 years, paid "straight time for overtime." (The "Putative Class Members").**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

39. By failing to pay Baksinski and the Putative Class Members overtime at one-and-one-half times their regular rates, Luminant violated the FLSA's overtime provisions.

40. Luminant owes Baksinski and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

41. Because Luminant knew, or showed reckless disregard for whether its pay practices violated the FLSA, Luminant owes these wages for at least the past three years.

42. Luminant is liable to Baksinski and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

43. Baksinski and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

44. Baksinski demands a trial by jury.

## PRAYER

45. Baksinski prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b. Judgment awarding Baksinski and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d. All such other and further relief to which Baksinski and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Andrew Dunlap**
Fed Id. 1093163
State Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**