IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JAMES BAKSINSKI, Individually and for Others Similarly Situated, | § § § § | |
| Plaintiff | § § | NO. 6:18-CV-00269-ADA-JCM |
| vs. | § § | |
| LUMINANT ENERGY COMPANY, LLC, | § § | |
| Defendant. | § § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Luminant Generation Company, LLC[1] ("Defendant" or "Luminant") hereby files this Original Answer to Plaintiff's Original Complaint ("Complaint"), ECF No. 1, and responds to the numbered paragraphs in the Complaint as follows:

## POINT-BY-POINT ANSWER

### SUMMARY

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant admits Plaintiff purports to assert a collective action, but Defendant specifically denies that it committed any unlawful or wrongful acts, including any act that would violate the FLSA, and Defendant further denies any claim or implication by Plaintiff that this

---

[1] The caption on Plaintiff's Complaint erroneously identifies "Luminant Energy Company, LLC" as Plaintiff's employer. Plaintiff was employed by Luminant Generation Company, LLC. Rather than deny each and every allegation based on this mistake, and without waiver of any defense, Defendant responds to each allegation based on a corrected definition of "Luminant" to include the proper employer.

action is properly maintained as a collective action or any other type of action, or that there are others similarly situated to Plaintiff.

## JURISDICTION AND VENUE

5. Defendant admits this Court has jurisdiction as alleged in Paragraph 5 of the Complaint.

6. Defendant admits venue is proper in this Court as alleged in Paragraph 6 of the Complaint.

## THE PARTIES

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 does not require a response.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant admits Luminant employed Baksinksi, but denies the remaining allegations in Paragraph 11 and further denies the inference that a group of "similarly situated" individuals exists.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

## COVERAGE UNDER THE FLSA

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff was engaged in commerce, but denies the remaining allegations in Paragraph 17 that a "putative class" or "putative class members" exist.

## THE FACTS

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegation in Paragraph 19 as stated.

20. Defendant admits the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint as stated.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant admits it is aware of its obligations under the FLSA, but denies any violation of the FLSA as inferred in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint, and further denies any violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

33. Defendant denies the allegations in Paragraph 33 of the Complaint, and further denies any "illegal straight time for overtime policy."

34. Paragraph 34 does not require a response; however, Defendant denies any "straight time for overtime policy".

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint and further denies that Plaintiff was entitled to overtime.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint and further denies that any class exists or can exist, or is properly defined.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

**JURY DEMAND**

44. Paragraph 44 does not require a response.

**PRAYER**

45. Defendant is not required to affirm or deny Plaintiff's "Prayer," but affirmatively states there are no grounds in law or fact that warrant the granting of any of the relief sought by Plaintiff. Defendant denies that Plaintiff and/or any putative collective action members are entitled to any of the relief requested under this heading of the Complaint, including subparts a through d, or any relief at all. To the extent the Prayer contains any factual allegations, Defendant denies the allegations contained therein.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant sets forth the following defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law. To the extent any

defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are pleaded in the alternative. Defendant further reserves the right to assert other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. At all material times, Defendant acted in a good faith belief that it was in compliance with all applicable statutes, laws, and regulations concerning payment of wages and any other compensation owed to Plaintiff.

3. At no time did Defendant pay Plaintiff in a manner known or believed to violate any applicable legal requirement, nor did Defendant compensate Plaintiff in willful disregard of any applicable FLSA requirements.

4. At all material times, Defendant paid Plaintiff all sums of money to which Plaintiff was entitled.

5. Plaintiff's claims and the claims of any group of allegedly "similarly situated" individuals is barred because Plaintiff was exempt from overtime, including without limitation, under Section 13 (a) of the FLSA.

6. Plaintiff's FLSA claims must be commenced within two years after the claims accrued because any purported violation by Defendant was not willful.

7. Plaintiff is not entitled to any liquidated damages under the FLSA because any claimed act or omission giving rise to this action was in good faith and based on Defendant's reasonable grounds for believing that any such act or omission was in compliance with the FLSA.

8. Plaintiff, by his actions and/or omissions, has waived and/or is otherwise estopped from asserting his claim against Defendant because, among other reasons, Plaintiff was paid for all hours worked, Plaintiff did not request payment for unpaid wages, if any, until this lawsuit, and Plaintiff further ratified and/or failed to mitigate any damages associated with the nonpayment of wages, if any, by confirming the accuracy of his paychecks each week.

9. Plaintiff and/or the alleged putative collective action members were compensated at all times in accordance with applicable FLSA requirements.

10. Plaintiff's claims and/or those of some or all of the putative collective action members are barred, in whole or in part, by the applicable statute of limitations.

11. Plaintiff's claims, including claims for attorneys' fees, are barred, in whole or in part, because he lacks standing to pursue those claims on behalf of himself and/or some or all of the putative collective action members, and he cannot adequately represent the interests of the putative collective action members.

12. Plaintiff's claims are not entitled to collective action certification under 29 U.S.C. § 216(b) because Plaintiff is not similarly situated to the putative members of the proposed collective class he purports to represent, and consideration of Plaintiff's claims and the potential claims of each member of Plaintiff's proposed class will require an individual fact-specific inquiry into the actual day-to-day activities of each individual.

13. Plaintiff's claims, and/or those of some or all of the putative collective action members, are barred, in whole or in part, to the extent that the work they performed falls within exemptions, exclusions, exceptions, credits, recoupment, or offsets provided for in the FLSA.

14. Defendant is entitled to an offset against any damages awarded for amounts paid to Plaintiff, and/or some or all of the putative collective action members, to which they were not

otherwise entitled, including but not limited to wage overpayments.

15. In calculating overtime liability (if any), Defendant is entitled to exclude all elements of Plaintiff's compensation, and/or that of some or all of the putative collective action members, that are excludable from an employee's regular rate for purposes of calculating overtime, including but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254, and all other hours which do not constitute hours worked or compensable time under the FLSA.

16. Plaintiff is not entitled to an award of prejudgment interest even if Plaintiff prevails on any or all of his claims.

17. Plaintiff's claims and/or the claims of some or all of the putative collective action members are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

18. Adjudication of this case on a collective action basis will violate Defendant's right to a jury trial guaranteed by the Seventh and Fourteenth Amendments to the United States Constitution.

19. Defendant reserves the right to assert additional affirmative defenses in the event additional persons become Plaintiffs in this lawsuit, and/or as may be appropriate in connection with facts obtained through discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests judgment against Plaintiff with respect to his claims asserted herein, that the Complaint be dismissed with prejudice, that Plaintiff take nothing, and that Defendant be awarded its costs, fees, expenses, and such other and further relief as the Court deems just and proper.

Dated:   October 16, 2018                    Respectfully submitted,


                                             */s/ Robert F. Friedman*
                                             Robert F. Friedman
                                             Texas State Bar No. 24007207
                                             2001 Ross Avenue
                                             Suite 1500, Lock Box 116
                                             Dallas, TX  75201.2931
                                             214.880.8100
                                             214.880.0181 (Fax)
                                             rfriedman@littler.com

                                             **ATTORNEYS IN CHARGE FOR
                                             DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018, the foregoing Answer was electronically filed in the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

Michael A. Josephson
Andrew Dunlap
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com

ATTORNEYS IN CHARGE FOR PLAINTIFF


                                             */s/ Robert F. Friedman*
                                             Robert F. Friedman

FIRMWIDE:158666607.4 072248.1010